# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CASE NO. 5:09-CV-55

JOYCE ANN NAIN                                                                                         PLAINTIFF

v.

SHIRLEY C. NAIN                                                                             DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court upon Defendant's Motion for Summary Judgment (Docket #12). Plaintiff has filed a response (Docket #14, 18). Defendant has not replied. This matter is now ripe for adjudication. For the following reasons, Defendant's Motion for Summary Judgment is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

In 2004, William F. Nain died of cancer. He was survived by Plaintiff Joyce Ann Nain, his only child, and Defendant Shirley C. Nain, his widow and Joyce's stepmother. During the 1950s, William worked as a laborer at the Gaseous Diffusion Plant in Paducah, Kentucky. Following William's death in 2004, Joyce and Shirley learned of the Energy Employees Occupational Illness Compensation Program Act ("EEOICPA") established by the United States Department of Energy. 42 U.S.C. § 7384 et seq. The EEOICPA is administered by the United States Department of Labor and provides benefits to those individuals who became ill after being exposed to radiation or other toxic substances in connection with work related to Department of Energy nuclear programs. If an individual covered by the EEOICPA is deceased, his or her surviving spouse may recover benefits. 42 U.S.C. § 7384s(e)(1)(A).

On April 3, 2007, Joyce and Shirley met with Department of Labor personnel at the Division of Energy Employees Occupational Illness Compensation Program Paducah Resource

Center. During that meeting, Shirley signed an authorization designating Joyce as her representative. Joyce then completed the initial filing of claims for lump-sum payments of $150,000 and $125,000 under the EEOICPA. Joyce thereafter provided medical and employment records upon request of Department of Labor personnel.

On August 29, 2008, Joyce and Shirley received a letter from the Department of Labor informing them that Shirley was to receive survivor benefits of $275,000. Benefits were awarded in the amount of $150,000 under Part B[1] of the statute and $125,000 under Part E.[2] Shirley received a check in October of 2008 from the Department of Labor. On October 18, 2008, Shirley mailed a check for $12,000 to Joyce. Shirley and Joyce now disagree as to the existence of an alleged oral agreement that the two women would split the funds equally. Joyce believes that, per this agreement, she is entitled to $137,500.

Joyce filed this lawsuit in state court on March 9, 2009. The lawsuit was removed to this Court on April 7, 2009. Joyce seeks damages for Shirley's breach of contract, fraud, and breach of the representation agreement. Joyce also seeks injunctive relief requiring the freezing of $158,000 in funds pending final disposition. Shirley has now moved for summary judgment as to all claims.

## STANDARD

---

[1] Under Part B, "a covered employee, or the survivor of that covered employee if the employee is deceased, shall receive compensation for the disability or death of that employee from that employee's occupational illness in the amount of $150,000." 42 U.S.C. § 7384s(a)(1).

[2] Part E covers contractor employees and provides that the survivor of a covered contractor employee may recover $125,000 if "it is at least as likely as not that exposure to a toxic substance at a Department of Energy facility was a significant factor in aggravating, contributing to, or causing the death of such employee." 42 U.S.C. § 7385s-3(a)(1)(B).

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed. R. Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (Ky. 1991)." *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 165 (6th Cir. 1993).

## DISCUSSION

### I. Breach of Contract

Plaintiff alleges that by not paying half of the $275,000 to Plaintiff, Defendant breached an oral contract the two entered into prior to applying for benefits. In contrast, Defendant argues that no such agreement existed, and even if it did, it would be unenforceable. The Court finds that the existence of an oral contract is irrelevant, since any such agreement would be in violation of the express language of the EEOICPA. The EEOICPA states:

> *Notwithstanding any contract*, the representative of an individual may not receive, for services rendered in connection with the claim of an individual for payment of lump-sum compensation under part B, more than that percentage specified in subsection (b) of a payment made under part B on such claim.

42 U.S.C. § 7385g(a) (emphasis added). Under subsection (b), the percentage is limited to "2 percent for the filing of an initial claim for payment of lump-sum compensation." 42 U.S.C. § 7385g(b). Section 7385g(a) applies equally to part E of the EEOICPA. 42 U.S.C. § 7385s-9.

It is undisputed that Defendant signed a letter authorizing Plaintiff to act as her representative on all matters relating to her EEOICPA claim. According to Plaintiff, the parties entered into an oral agreement whereby Defendant agreed to split the EEOICPA funds equally with Plaintiff. Even taking this as true, however, such a contract is clearly barred by 42 U.S.C. § 7385g(a). The statute is unambiguous in limiting a representative to a recovery of no more than two percent of the lump-sum payment, despite the existence of any other contracts. Moreover, the two percent award is not limited to the initial filing of a claim. Rather, the statute covers any "services rendered *in connection with* the claim." 42 U.S.C. § 7385g(a) (emphasis added).

If Plaintiff were to argue that the contract was not made for "services rendered" as a representative under the EEOICPA, the oral contract would still fail for lack of consideration.

4

"'There is no consideration for a promise where no benefit is conferred upon the promisor nor detriment suffered by the promisee.'" *Moore v. Kuster*, 37 S.W.2d 863, 864 (Ky. 1931) (quoting *McDevitt v. Stokes*, 192 S.W. 681, 682 (Ky. 1917)).

By statute, Defendant was the only person entitled to recover the EEOICPA funds. Defendant was under no obligation to share this money with Plaintiff (other than the two percent guaranteed by the EEOICPA). Moreover, the evidence demonstrates that Plaintiff suffered no legal detriment by agreeing to split the funds. The only possible consideration is Plaintiff's promise to serve as Defendant's representative, and the Court has already determined that the EEOICPA bars any contract based on these services. Absent this consideration, the oral agreement is merely a promise by Defendant to make a gift, which was never executed, and is therefore unenforceable. *See, e.g.*, *Chipman's Adm'r v. Gerlach*, 150 S.W.2d 633, 634 (Ky. 1941). Accordingly, Plaintiff's breach of contract claim must fail.

## II.    Fraud

To establish a prima facie case for fraud under Kentucky law, a plaintiff must prove by clear and convincing evidence that: (1) the defendant made a material misrepresentation to the plaintiff; (2) the misrepresentation was false; (3) the defendant knew it was false or made it recklessly; (4) the defendant induced the plaintiff to act upon the misrepresentation; (5) the plaintiff relied upon the misrepresentation; and (6) the misrepresentation caused injury to the plaintiff. *Radioshack Corp. v. ComSmart, Inc.*, 222 S.W.3d 256, 262 (Ky. Ct. App. 2007) (citing *United Parcel Service Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999)). "Under Kentucky law, representations as to future conduct will not support a fraud claim. However, a statement as to future conduct may form the basis for a misrepresentation claim if made with the intent to induce

5

the other party to enter into a contract." *Davis v. Siemens Medical Solutions USA, Inc.*, 399 F. Supp. 2d 785, 800 (W.D. Ky. 2005) (internal citations omitted). Finally, "the claimant must be justified in relying upon the representations in the exercise of common prudence and diligence." *Wells v. Huish Detergents, Inc.*, 19 F. App'x 168, 177 (6th Cir. 2001) (citing *Selke v. Stewart*, 86 S.W.2d 83, 87 (Ky. 1935)).

The parties disagree as to whether any agreement to split the lump-sum payment existed. However, even assuming, *arguendo*, that such an agreement took place, Plaintiff has not presented enough evidence to support a claim of fraud. In particular, Plaintiff has failed to demonstrate that Defendant knew at the time she made the alleged promise that it was false or made recklessly, or that Defendant induced Plaintiff to act upon that promise. Further, there is no evidence that Defendant's promise as to her future conduct was made with the intent to induce Plaintiff to enter into any sort of contract. Therefore, Plaintiff has failed to present a genuine issue of material fact to support a claim of fraud, and summary judgment is appropriate.

## III. Breach of Representation Agreement

As discussed previously, Plaintiff is entitled to receive two percent of the lump-sum payment for serving as Defendant's representative.[3] Defendant sent a $12,000 check to Plaintiff in October of 2008, shortly after she received the lump-sum payment. According to Defendant's deposition, this money was a gift:

> Q (Plaintiff's counsel): Okay. So you wrote her a check for $12,000 and you picked that amount because you could write that much to her and not have to pay

---

[3] The statute also allows a representative to recover "10 percent with respect to objections to a recommended decision denying payment of lump-sum compensation." 42 U.S.C. § 7385g(b)(2). Plaintiff may not recover this amount because it is undisputed that the claims under Part B and E were approved, and no objections were necessary.

taxes?

A (Defendant): Right.

Q: Okay. Why did you write her a check at all?

A: I just thought I loved her and I'd pay her that much.

Q: Okay. So that was a gift then that you intended to give her?

A: Yeah.

Q: Okay. Why did you choose to do it on October 18?

A: I just done it.

Q: Okay.

A: I didn't pick no certain day. I didn't do that at all.

Defendant's Deposition of December 10, 2009, p. 28. There is no evidence that Defendant intended this money to compensate Plaintiff for her work as a representative. Therefore, Defendant's summary judgment motion as to this claim is denied. Further, although Plaintiff has not moved for summary judgment, the Court finds that no genuine issue of material fact exists, and Plaintiff is entitled to recover two percent of the lump-sum payment, or $5,500.

## IV.     Injunctive Relief

The Court finds that injunctive relief is inappropriate and summary judgment should be granted as to this claim. Plaintiff did not address this claim in her response memorandum. Accordingly, Plaintiff has failed to present any evidence that she will suffer any irreparable loss pending a final judgment in this action. *See Price v. Paintsville Tourism Comm'n*, 261 S.W.3d 482, 484 (Ky. 2008).

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is GRANTED IN PART and DENIED IN PART.  Summary judgment is granted in favor of Defendant as to Counts I, II, and IV of the Complaint.  Summary judgment is GRANTED sua sponte in favor of Plaintiff as to Count III, and Plaintiff is entitled to a judgment of $5,500.

An appropriate order shall issue.